UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ALESHA ANN GREEN, | Case No. 1:16-cv-00454-REB |
| --- | --- |
| Petitioner, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| LIZ NEVILLE, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Alesha Ann Green ("Petitioner"), challenging Petitioner's Ada County convictions on two counts of trafficking in methamphetamine. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that Claim 3(c) is noncognizable and that Petitioner's remaining claims are procedurally defaulted. (Dkt. 14.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 9, 10, 13.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 12.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted on two counts of trafficking in methamphetamine.[1] Petitioner received concurrent sentences of twelve years in prison with five years fixed on one count, and twelve years in prison with three years fixed on the second count. (Dkt. 3 at 1-2.)

Petitioner appealed, arguing that the indeterminate portions of her sentences were excessive. (State's Lodging D-2.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging D-5, D-7.)

Petitioner then filed a state petition for post-conviction relief. (State's Lodging E-1 at 4-7.) The post-conviction court granted Petitioner's motion for appointment of counsel and appointed the Ada County Public Defender to represent Petitioner. (*Id.* at 21.) Because the same public defender's office had represented Petitioner at trial, the court stated that, for post-conviction proceedings, the public defender "may choose to appoint

---

[1] The state took an interlocutory appeal from the trial court's grant of Petitioner's motion to suppress evidence, which resulted in an Idaho Supreme Court decision vacating the order of suppression. (*See* State's Lodging B-5.) This does not affect Petitioner's current habeas claims.

**MEMORANDUM DECISION AND ORDER - 2**

conflict counsel." (*Id.*) The public defender's office chose not to appoint conflict counsel because the attorney assigned to Petitioner's case was not Petitioner's trial attorney. (State's Lodging F-4 at 2.) Petitioner, through counsel, filed an amended petition alleging several claims, including ineffective assistance of trial counsel. (State's Lodging E-1 at 29-31.) The state district court dismissed the petition. (*Id.* at 173-77.)

Petitioner appealed the dismissal of her post-conviction petition, asserting a single claim—that the post-conviction court erred by failing to adequately inquire into a potential conflict of interest, given that Petitioner's post-conviction counsel worked for the same public defender's office as Petitioner's trial counsel. (State's Lodging F-1.) Petitioner acknowledged that there is no constitutional or statutory right to counsel in post-conviction proceedings, but argued nonetheless that her "interest in securing assistance to adequately present her postconviction claims extend[ed] to an interest in having conflict-free post-conviction counsel." (*Id.* at 8.)

The Idaho Court of Appeals affirmed, holding that Petitioner did not have a right to conflict-free post-conviction counsel because (1) the Sixth Amendment does not apply during post-conviction proceedings and because (2) non-capital post-conviction petitioners do not have a statutory right to counsel. (State's Lodging F-4 at 2-3.) The Idaho Supreme Court denied review.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

    Claim 1:    Ineffective assistance of trial counsel based on counsel alleged failure to (a) investigate and present witnesses, (b) thoroughly

> research and present evidence, (c) appear at sentencing, (d) properly question witnesses, (e) failing to call Petitioner's accuser at trial, and (f) explain a plea offer.
>
> Claim 2: Ineffective assistance of trial counsel based on counsel's alleged mishandling of witnesses and other evidence that "would have proven [Petitioner's] innocence."
>
> Claim 3(a): Violation of due process based on an allegedly biased judge, who had a conflict of interest or was prejudiced against Petitioner based on the judge's previous sentencing of Petitioner's daughter.
>
> Claim 3(b): Violation of the Sixth Amendment right to conflict-free counsel based on counsel's previous representation of Petitioner's daughter.
>
> Claim 3(c): Failure of the state post-conviction court to adequately inquire into Petitioner's post-conviction counsel's potential conflict of interest, given that post-conviction counsel worked for the same public defender's office as Petitioner's trial counsel and that Petitioner alleged that her trial counsel was ineffective.[2]
>
> Claim 4: Ineffective assistance of trial counsel based on counsel's alleged failure to properly convey, or counsel's advice regarding, a plea offer from the state.[3]

The Court previously reviewed the Petition and allowed Petitioner to proceed on her claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 3.)

---

[2] Because the Petition asserted Claim 3(c) only by referring to Petitioner's post-conviction appellate brief, the Court omitted Claim 3(c) from its previous recitation of Petitioner's claims. (*See* Dkt. 7 at 2.) However, the Court will overlook Petitioner's failure to include Claim 3(c) in the Petition itself, as required by Rule 2(c) of the Rules Governing § 2254 Cases, and will consider whether that claim is subject to dismissal for the other reasons set forth in Respondent's Motion.

[3] Petitioner has not objected to this construction of her claims. (*See* Dkt. 7 at 2; Dkt. 18.)

**MEMORANDUM DECISION AND ORDER - 4**

# DISCUSSION

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Claim 3(c) is noncognizable and that Petitioner's remaining claims are procedurally defaulted. For the reasons that follow, the Court agrees.

**1.      Claim 3(c) Is Subject to Dismissal as Noncognizable**

Claim 3(c) alleges, without a federal constitutional or statutory basis, that Petitioner was entitled to conflict-free counsel during post-conviction proceedings and that the state district court failed to adequately inquire into the potential conflict of interest of Petitioner's post-conviction attorney. Because Petitioner has not set forth any federal legal basis for such a claim, it is not cognizable in this habeas action. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (holding that claims of error during state postconviction proceedings are not cognizable on federal habeas review, which allows for habeas relief only for violations of the federal constitution, a federal statute, or a federal treaty).

**MEMORANDUM DECISION AND ORDER - 5**

Further, even if Claim 3(c) invoked a federal basis such as the Sixth Amendment, the claim would still be noncognizable because the Sixth Amendment right to counsel does not apply in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

For these reasons, Claim 3(c) is subject to dismissal as noncognizable.

**2.     Petitioner's Remaining Claims Are Subject to Dismissal as Procedurally Defaulted**

*A.     Standards of Law*

A habeas petitioner must exhaust her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of her federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional

principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring a federal claim before the state court by "explicitly" citing the federal legal basis for the claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those of: (1) a petitioner who has completely failed to raise a claim before the Idaho courts; (2) a petitioner who has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) a petitioner whose claim has been rejected by the Idaho courts on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B.     *Claims 1, 2, 3(a), 3(b), and 4 Are Procedurally Defaulted*

The most straightforward manner to consider the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal, Petitioner argued only that her sentences were excessive, a claim that is not asserted in the instant Petition. On appeal from the dismissal of her post-conviction petition, Petitioner raised only Claim 3(c)—which, as explained above, is noncognizable.

Therefore, Petitioner did not fairly present any of her remaining claims to the Idaho appellate courts.

### C. Petitioner Has Not Shown a Legal Excuse for the Procedural Default of Claims 1, 2, 3(a), 3(b), and 4

Even a procedurally defaulted claim can be heard by a federal court on the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman*, 501 U.S. at 731; or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Other than a brief statement that her allegedly ineffective trial counsel "obtain[ed] a false conviction, constituting a fundamental miscarriage of justice," Petitioner does not argue that she is entitled to the application of either exception to procedural default. (Dkt. 18 at 10.) Moreover, the Court has found nothing in its own, independent review of Petitioner's filings that would support such an application. Therefore, Petitioner's procedurally defaulted claims cannot be heard on the merits.

## CONCLUSION

For the foregoing reasons, Claim 3(c) is not cognizable on federal habeas review, and Petitioner's remaining claims are subject to dismissal as procedurally defaulted. Therefore, the Petition will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 16) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED, and the Petition is DISMISSED with prejudice.

3. Petitioner's Motion to Expedite Response (Dkt. 19) is MOOT.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, she must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **December 22, 2017**

Honorable Ronald E. Bush
United States Magistrate Judge